**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, New Jersey 08540
Thomas A. Linthorst
Tyler J. Hill
Phone: (609) 919-6642
Fax: (609) 919-6701
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAQUALA WILLIAMS,<br><br>                    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Case No. 1:21-cv-09326-JSR<br><br>*Electronically filed*<br><br>**DEFENDANT'S ANSWER<br>TO PLAINTIFF'S COMPLAINT** |

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMorgan Chase"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby responds to the Complaint filed in the United States District Court for the Southern District of New York (the "Complaint") by Plaintiff Shaquala Williams ("Plaintiff"):[1]

NATURE OF ACTION[2]

1. Admitted only that Plaintiff identifies as a Black woman. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's alleged credentials and work experience and, on that basis, denies such allegations.

---

[1] Defendant objects to the disclosure by Plaintiff or her counsel of any privileged communications or information. To the extent that, notwithstanding this objection, Plaintiff is permitted to rely on privileged information necessary to pursue her claims, such information must be protected to preserve the privilege.

[2] Defendant denies the factual allegations in the headings of the Complaint.

Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2. Denied.

3. Admitted only that the Complaint purports to allege a claim under the Sarbanes-Oxley Act of 2002 (SOX). Defendant denies that Plaintiff is entitled to any relief under SOX.[3]

4. Admitted only that Plaintiff purports to seek the relief set forth in Paragraph 4 of the Complaint. Defendant denies that Plaintiff is entitled to any of the relief set forth in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff was employed by JPMorgan Chase Bank, N.A., with an assigned office in New York City. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint regarding where Plaintiff currently resides and, on that basis, denies such allegations. Defendant denies the remaining allegations of Paragraph 5 of the Complaint.

6. Denied.

7. Admit only that Plaintiff filed a complaint, dated April 27, 2020, with the Occupational Health and Safety Administration (OSHA) of the U.S. Department of Labor, and that, on April 30, 2021, the U.S. Department of Labor, OSHA issued an Order dismissing Plaintiff's complaint, ruling, in part: "Respondent has shown by clear and convincing evidence, absent Complainant's alleged protected activities, they would have taken the same adverse action. There is no reasonable cause to believe Respondent violated SOX. Consequently, this complaint is dismissed." Defendant respectfully refers the Court to those documents for their

---

[3] With respect to the footnote contained in Paragraph 3 of the Complaint, Defendant admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, New York District Office, Plaintiff accepted an offer letter from Defendant, and Plaintiff has indicated her intention to arbitrate certain claims. The remaining allegations in the footnote in Paragraph 3 of the Complaint purport to characterize written documents and Defendant respectfully refers the Court to the documents for their contents.

complete contents.  The remaining allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion to which no response is necessary.

8. The allegations set forth in Paragraph 8 of the Complaint call for a legal conclusion to which no response is necessary.

9. The allegations set forth in Paragraph 9 of the Complaint call for a legal conclusion to which no response is necessary.  To the extent any response is required, the allegations of Paragraph 9 of the Complaint are denied.

10. Admitted.

11. Admit that Defendant is subject to laws, rules, and regulations concerning fraud, bribery, money-laundering, corruption, and criminal conduct.  The remaining allegations set forth in Paragraph 11 of the Complaint call for a legal conclusion to which no response is necessary.

12. The allegations set forth in Paragraph 12 of the Complaint call for a legal conclusion to which no response is necessary.

13. Admit only that JPMorgan Securities (Asia Pacific) Limited entered into the Non-Prosecution Agreement dated November 17, 2016, and Defendant respectfully refers the Court to that document for its contents.  Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Admit only that Paragraph 14 of the Complaint purports to characterize a written document.  Defendant respectfully refers the Court to that document for its contents.

15. Admit only that Paragraph 15 of the Complaint purports to characterize a written document.  Defendant respectfully refers the Court to that document for its contents.

16. Admit only that, on or about November 17, 2016, the Securities and Exchange

Commission issued a cease-and-desist order against Defendant, and Defendant respectfully refers the Court to the document for its contents.

17. Admit only that Paragraph 17 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to that document for its contents.

18. Admit only that Paragraph 18 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to that document for its contents.

19. Admit only that Paragraph 19 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to that document for its contents.

20. Admit only that Defendant's Global Anti-Corruption Compliance (GACC) division maintained a presence in New York City. Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Admitted.

22. Denied.

23. Admit only that that GACC maintains anti-corruption compliance workstreams. Defendant denies the remaining allegations of Paragraph 23 of the Complaint.

- Admit only that the Third Party Intermediary (TPI) workstream assists with setting the standards for managing the corruption risks associated with TPIs, including as related to pre-clearance and periodic reviews. GACC also issues policy violation notices for TPI-related failures to comply with the policy and reports TPI-related data. Defendant denies the remaining allegations in the first bullet-point of Paragraph 23 of the Complaint.

- Admit only that the Anything of Value (AoV) workstream assists with setting standards for one of Defendant's policies relating to employees and directors giving

or receiving anything of value, and that a sub-group of the AoV workstream is Referred Candidates (RC), which assesses potential corruption, or appearance of corruption, risk posed by the hiring of certain candidates. Defendant denies the remaining allegations in the second bullet-point of Paragraph 23 of the Complaint.

- Admit only that Defendant's investigatory functions may consult GACC on investigations. Defendant denies the remaining allegations in the third bullet-point of Paragraph 23 of the Complaint.

- Admit only that the Corporate Risk in Transactions workstream assists with setting standards for one of Defendant's policies relating to corruption risk in transactions. Defendant denies the remaining allegations in the fourth bullet-point of Paragraph 23 of the Complaint.

- Admit only that Governance assists with administrative tasks, senior management, and certain regulatory reporting. Defendant denies the remaining allegations in the fifth bullet-point of Paragraph 23 of the Complaint.

24. Admitted.

25. Admit, except denied as to the characterization of "purportedly" alleged in Paragraph 25 of the Complaint.

26. Admit, except denied as to the characterization of "supposedly" alleged in Paragraph 26 of the Complaint.

27. Admit only that Defendant maintains policies, standards, and programs regarding economic sanctions, anti-money laundering, and anti-corruption aimed at, among other things, "ensur[ing] that the Bank and Bank employees were not aiding or assisting them in engaging in

unlawful activity," as alleged in Paragraph 27 of the Complaint. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Denied.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies such allegations.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies such allegations.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies such allegations.

32. Admit only that Plaintiff commenced employment with Defendant as a Global Compliance – Anti-Corruption Compliance − Compliance Manager, Vice President, at its office located at 4 New York Plaza, New York, NY 10004 on July 30, 2018. Defendant denies the remaining allegations of Paragraph 32 of the Complaint.

33. Admit only that Plaintiff was hired to support the TPI program. Defendant denies the remaining allegations of Paragraph 33 of the Complaint.

34. Admit only that, from time to time, Plaintiff interfaced with JPMorgan compliance officers and Relationship Managers, assisted in preparing reports on corruption risk and compliance training, and supported the TPI program. Defendant denies the remaining allegations of Paragraph 34 of the Complaint.

35. Admit only that, from time to time, Plaintiff worked on matters related to different GACC workstreams. Defendant denies the remaining allegations of Paragraph 35 of the Complaint.

36. Admit only that Plaintiff did not function as legal counsel for Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and, on that basis, denies such allegations.

37. Admit only that Plaintiff was hired to support the TPI program. Defendant denies the remaining allegations of Paragraph 37 of the Complaint.

38. Denied.

39. Denied.

40. Admit only that Paragraph 40 of the Complaint purports to characterize written documents. Defendant respectfully refers the Court to those documents for their contents. Defendant denies the remaining allegations of Paragraph 40 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Admit only that the Monitoring & Testing (M&T) team monitored and tested compliance with internal policies, and that Plaintiff made comments regarding Defendant's reporting lines. Defendant denies the remaining allegations of Paragraph 44 of the Complaint.

45. Admit only that M&T published a report in May 2019 regarding TPI testing. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Admit only that Paragraph 46 of the Complaint purports to characterize written documents. Defendant respectfully refers the Court to those documents for their contents. Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47. Denied.

48. Admit only that Plaintiff alleged that the TPI risk matrix was not submitted to Defendant's Model Risk Governance (MRG) team. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49. Denied.

50. Denied.

51. Admit only that Defendant's Client List Screening group (CLS) performed sanctions screening for customers. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52. This Paragraph's allegations regarding unspecified "economic sanctions and SEC rules and regulations" call for a legal conclusion to which no response is necessary. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53. Denied

54. Admit only that Defendant provides certain training for TPIs and personnel who work on the TPI workstream. Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55. Admit only that Relationship Mangers are asked to upload a draft and a final version of contracts to an internal records database. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Denied.

57. Denied.

- Denied.
- Denied.
- Denied.
- Denied.

58. Denied.

- Denied.
- Denied.
- Denied.
- Denied.
- Denied.
- Denied.

59. Denied.

60. Admitted.

61. Admit only that Plaintiff proposed enhancements regarding Defendant's Anti-Corruption program. Defendant denies the remaining allegations of Paragraph 61 of the Complaint.

62. Admit only that Plaintiff complained about her annual review and her managers, and made certain allegations regarding GACC. Defendant denies the remaining allegations of Paragraph 62 of the Complaint.

63. Admit only that Plaintiff submitted a written document to personnel within Defendant's Human Resources department, and that Paragraph 63 purports to characterize that written document. Defendant respectfully refers the Court to the document for its contents.

64. Admit only that, in Spring 2019, Defendant underwent a corporate restructuring that resulted in the elimination of Timothy Bridgeford's role and the reassignment of Garrett Ross to a different GACC workstream. Defendant denies the remaining allegations of Paragraph 64 of the Complaint.

65. Admitted, except denied as to this Paragraph's allegation that Melissa Laferriere's and Brad Carso's appointments as co-heads of GACC were "interim."

66. Denied.

67. Admit only that Plaintiff complained about aspects of her employment. Defendant denies the remaining allegations of Paragraph 67 of the Complaint.

68. Denied.

69. Denied.

- Denied.

- Denied.

- Denied.

70. Denied.

- Admit only that Plaintiff spoke with an attorney at JPMorgan regarding its sanctions screening. Defendant denies the remaining allegations in the first bullet-point of Paragraph 70 of the Complaint.

- Denied.

- Admit only that Plaintiff had a meeting with a Compliance Control Officer, and that

Mr. Ross, as Plaintiff's manager, inquired about the meeting. Defendant denies the remaining allegations in the third bullet-point of Paragraph 70 of the Complaint.

71. Denied.

72. Denied.

73. Denied.

- Admit only that Plaintiff assisted in preparing reports for, and attended, "All Hands" meetings. Defendant denies the remaining allegations in the first bullet-point of Paragraph 73 of the Complaint.

- Admit only that certain JPMorgan Chase personnel, including Plaintiff, were required to complete self-evaluations in Fall 2018, and that, on November 1, 2018, Plaintiff and Mr. Bridgeford engaged in an email exchange in which Mr. Bridgeford stated he "would expect the performance assessment to be precise and accurate in its wording," and Plaintiff responded by contacting Human Resources. Defendant denies the remaining allegations in the second bullet-point of Paragraph 73 of the Complaint.

- Admit only that Plaintiff was invited to participate in the "Opportunities and Enhancements" working group. Defendant denies the remaining allegations in the third bullet-point of Paragraph 73 of the Complaint.

- Admit only that, in connection with a meeting held in November 2018, Plaintiff was encouraged to be more precise in her wording used in presentation materials. Defendant denies the remaining allegations in the fourth bullet-point of Paragraph 73 of the Complaint.

- Denied.

- Denied.

- Denied.

- Admit only that Ms. Laferriere encouraged Plaintiff to be more precise in her language. Defendant denies the remaining allegations in the eighth bullet-point of Paragraph 73 of the Complaint.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admit only that the other "employee" referenced in this Paragraph is a compliance officer within GACC who joined Defendant in December 2018 and previously reported to Mr. Ross. Defendant denies the remaining allegations in Paragraph 78 of the Complaint.

79. Denied.

80. Admit only that, in or about January 2019, Plaintiff received her 2018 Annual Review, and that Paragraph 80 of the Complaint purports to characterize that written document. Defendant respectfully refers the Court to the document for its contents.

81. Denied.

82. Admit only that Plaintiff made allegations to Defendant's Human Resources department. Defendant denies the remaining allegations of Paragraph 82 of the Complaint.

83. Admit only that Defendant conducted internal investigations in connection with allegations made by Plaintiff. Defendant denies the remaining allegations of Paragraph 83 of the Complaint.

84. Denied.

85. Admit only that Defendant agreed to rewrite, for clarification, a single sentence contained in Plaintiff's annual review for 2018, which, as Defendant informed Plaintiff, was a fair and balanced review. Defendant denies the remaining allegations of Paragraph 85 of the Complaint.

86. Denied.

87. Admit only that Ms. Laferriere previously served as Executive Director, EMEA (Europe, the Middle East and Africa) Head of Anti-Corruption Compliance. Defendant denies the remaining allegations of Paragraph 87 of the Complaint.

88. Denied.

89. Denied.

90. Admit only that Plaintiff made allegations to Defendant's Human Resources department. Defendant denies the remaining allegations of Paragraph 90 of the Complaint.

91. Admit only that Defendant conducted internal investigations in connection with allegations made by Plaintiff. Defendant denies the remaining allegations of Paragraph 91 of the Complaint.

92. Admit only that Paragraph 92 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to that document for its contents. Defendant denies the remaining allegations of Paragraph 92 of the Complaint.

93. Admit only that Paragraph 93 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to that document for its contents. Defendant denies the remaining allegations of Paragraph 93 of the Complaint.

94. Admit only that, in October 2019, certain individuals met with Plaintiff to discuss her allegations. Defendant denies the remaining allegations of Paragraph 94 of the Complaint.

95. Admit only that, on October 24, 2019, Defendant issued Plaintiff a Written Warning, and that Paragraph 95 of the Complaint purports to characterize that written document. Defendant respectfully refers the Court to the document for its contents.

96. Admit only that, on August 28, 2019, Ms. Laferriere held a Mid-year Check-in meeting with Plaintiff, at which Ms. Laferriere provided Plaintiff feedback regarding her performance deficiencies and discussed Plaintiff's job search as Plaintiff had made it clear that she desired to pursue a different position. Insofar as Paragraph 96 of the Complaint purports to characterize a written document, Defendant respectfully refers the Court to the document for its contents. Defendant denies the remaining allegations of Paragraph 96 of the Complaint.

97. Admit only that Paragraph 97 of the Complaint purports to characterize a written document. Defendant respectfully refers the Court to the document for its contents.

98. Defendant admits that the Deputy Global Head of Employee Compliance and an HR representative met with Williams to deliver the Written Warning, and that the Deputy Global Head of Employee Compliance signed the Warning. Defendant denies the remaining allegations of Paragraph 98 of the Complaint.

99. Admit only that Paragraph 99 of the Complaint purports to characterize written documents. Defendant respectfully refers the Court to the documents for their contents.

100. Admit only that the restrictions of the Written Warning were effective for 60 days. Defendant denies the remaining allegations of Paragraph 100 of the Complaint.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

## FIRST CAUSE OF ACTION

### Sarbanes-Oxley Whistleblower Retaliation

105. Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

106. Denied.

107. Denied.

108. The allegations of Paragraph 108 of the Complaint call for a legal conclusion to which no response is necessary.

109. Denied.

110. Denied.

### PRAYER FOR RELIEF

Denied that Plaintiff is entitled to any of the relief set forth in the Prayer For Relief in the Complaint.

### DEMAND FOR A TRIAL BY JURY

Defendant admits that Plaintiff demands a trial by jury.

### **GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

### **SEPARATE DEFENSES**

At this time, Defendant asserts the following Separate Defenses to the Complaint without conceding that Defendant bears the burden of proof as to any of them:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in who or in part, because she did not engage in protected activity.

3. Plaintiff's claims are barred or diminished to the extent Plaintiff has mitigated or failed to mitigate her alleged damages, the existence of which are denied.

4. All actions Defendant took with regard to Plaintiff were based solely upon legitimate, non-retaliatory reasons unrelated to Plaintiff's alleged protected activities.

5. Although Defendant denies any wrongdoing, Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

6. Defendant would have engaged in the same course of conduct with respect to Plaintiff's employment based on legitimate, non-retaliatory reasons regardless of any alleged protected conduct.

7. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own negligent, fraudulent, reckless, or intentional conduct.

8. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, estoppel, waiver, unclean hands, or other equitable defenses.

9. To the extent any alleged unlawful conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and was contrary to Defendant's good faith efforts to comply with applicable law.

10. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

Defendant reserves the right to raise additional defenses as may be discovered during the course of this litigation.

Dated:  January 25, 2022

**MORGAN, LEWIS & BOCKIUS LLP**

s/ *Thomas A. Linthorst*
  Thomas A. Linthorst
  Tyler J. Hill
  502 Carnegie Center
  Princeton, New Jersey 08540-7814
  Telephone: (609) 919-6642
  Fax: (609) 919-6701
  Thomas.Linthorst@morganlewis.com
  Tyler.J.Hill@morganlewis.com
  *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date indicated herein, a true and correct copy of the foregoing Answer to Plaintiff's Complaint was served on Plaintiff's counsel via CM/ECF.

Dated: January 25, 2022                             s/   *Thomas A. Linthorst*
                                                                            Thomas A. Linthorst